UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUMAR NGELEKA TSHIAMALA,

    Plaintiff,                                    Hon. Robert J. Jonker

v.                                                  Case No. 1:22-cv-605

STEVEN A. COHEN,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this pro se action under the Court's diversity jurisdiction, alleging that Defendant breached the terms of a contract. (ECF No. 1, 6). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this matter be dismissed without prejudice for failure to timely effect service.

**ANALYSIS**

Plaintiff initiated this action on February 25, 2022, in the United States District Court for the Southern District of New York. Plaintiff was granted leave to proceed *in forma pauperis*. (ECF No. 4). On June 27, 2022, the matter was transferred to the Western District of Michigan. (ECF No. 7, 8). On July 7, 2022, this court issued a summons for service on the named Defendant. On August 15, 2022, the summons was returned unexecuted by the United States Marshal Service. (ECF No. 11). On

September 7, 2022, the undersigned issued a Notice of Impending Dismissal informing Plaintiff that the deadline for timely accomplishing service had passed. (ECF No. 12). The Court expressly warned Plaintiff that failure to timely accomplish service may result in the dismissal of his lawsuit. Plaintiff was also invited to provide the Court with evidence or argument establishing good cause to extend the deadline for service.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court – on motion or on its own initiative after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See also*, *Abel v. Harp*, 122 Fed. Appx. 248, 250 (6th Cir., Feb. 16, 2005) ("[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure *compel* dismissal") (emphasis added).

While Plaintiff is proceeding pro se, he is still responsible for providing the United States Marshal with the appropriate address at which to accomplish service on Defendant. *See, e.g., Johnson v. Herren*, 2013 WL 6410447 at *2 (S.D. Ohio, Dec. 9, 2013) (court properly dismissed action for failure to accomplish service where plaintiff provided incorrect address to Marshal's Service); *Jenkins v. Michigan Department of Corrections*, 2015 WL 13742653 at *3 (E.D. Mich., Sept. 23, 2015) (plaintiffs afforded IFP status are nevertheless responsible for assuring that service is timely accomplished).

While Plaintiff responded to the Court's Notice of Impending Dismissal, Plaintiff failed to establish that good cause exists to extend the deadline for service. Plaintiff concedes that he does not know Defendant's address. Moreover, Plaintiff does not suggest that he is likely to discover Defendant's address at any point in the foreseeable future. In sum, Plaintiff has failed to establish that there exists good cause to extend the deadline to accomplish service.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice for failure to timely effect service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 26, 2022

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge